IN THE MATTER OF IRA APRIL,
AN ATTORNEY AT LAW.

Argued November 5, 1975—Decided January 6, 1976.

*Mr. Frederick C. Vonhof* argued the cause for the Essex County Ethics Committee.

Respondent made no appearance.

PER CURIAM. This disciplinary matter presents an extreme case of professional irresponsbility.

In July 1974 a complaint against respondent was filed with the Essex County Ethics Committee by a client charging respondent with failure to properly represent her in a matrimonial suit, as a result of which a default judgment of divorce was entered against her. Respondent was served with a copy of the complaint by mail but failed to file an answer thereto, *R.* 1:20–4(c), nor did he respond to a subsequent communication from the Chief, Central Ethics, Administrative Office of the Courts.

This Court then issued an order to show cause why respondent should not be suspended from the practice of the law or otherwise disciplined because of his failure to answer the ethics complaint.

On November 19, 1974, the return day of the order, respondent appeared *pro se* and represented to this 'Court that

he would immediately answer the complaint and fully cooperate with the Ethics Committee in its investigation of the charge against him.

Respondent did file an answer on December 2, 1974 which the Committee found to be wholly inadequate and respondent was requested to furnish additional information. He has not done so.

On December 31, 1974 another complaint was filed against respondent charging that on October 1, 1974 some $13,061.45 had been entrusted to him at a title closing for the purpose of paying off an outstanding mortgage, but that he had not not done so and the mortgage was still outstanding.

The Committee scheduled an immediate hearing and on January 7, 1975, the date of the hearing, respondent appeared and produced a receipt showing that on that very day he had paid the mortgage money over to the mortgagee. A further hearing was then scheduled for February 4, 1975.

In the meantime, two more complaints were filed against respondent involving his handling of another matrimonial case and an automobile accident case. At the hearing before the Ethics Committee on February 4, respondent appeared *pro se* and candidly admitted that he had used the mortgage money entrusted to him to pay off other obligations as there was a $13,000 shortgage in his trust account. He said he then borrowed from his mother-in-law to make good the mortgage money. Again respondent promised to file answers to the complaints against him and to cooperate fully with the Committee.

Not only did respondent fail to keep his promises to the Committee, but two more complaints were filed by clients charging respondent with the mishandling of their legal matters. Respondent did not answer these complaints although duly served.

The Committee examined respondent's trust account records but was unable to make any meaningful audit. See *R.* 1:21-6(a), (b); DR9-102. Respondent kept no ledger or journal. His checkbook was his sole manner of keeping

accounts. However, deposits were not recorded nor the source thereof stated. No deposit slips were produced. No attempt was made in the checkbook to reconcile deposits and withdrawals. The bank statements showed various overdrafts and checks returned for insufficient funds. Consequently, the Committee filed a Presentment with this Court asking that respondent be suspended pending disposition of the charges against him.

An order of temporary suspension was entered by this Court on March 24, 1975 and respondent was ordered to show cause on April 15, 1975 why he should not be permanently suspended or otherwise disciplined. On the return day of the order, respondent again appeared *pro se* and again represented to this Court that he would answer the complaints promptly and cooperate with the Committee in its investigation into the matters involved. The order was continued to afford respondent a final opportunity to respond to the charges against him.

Additional complaints have since been filed against respondent, some of which he has answered and others he has failed to answer. The Committee set the matter down for formal hearing on July 23, 1975 and notified complainants and respondent to attend. On the morning of July 23 respondent, by telephone, notified the Committee's secretary that he would not be present as he "cannot face the people."

Testimony presented by complainants at the July 23 hearing showed the following:

Respondent represented the seller of a parcel of property and had received a $500 deposit paid by the buyer. At the closing on March 3, 1975 respondent also received a check for $5,712.36 representing the balance of the purchase price and deposited the same in his trustee account. He then issued his check in the amount of $5,712.36 payable to his client, retaining the $500 deposit as his fee. The check was returned for insufficient funds and the client has never received the money. In addition to making a complaint to

the Ethics Committee, the client has filed a claim with the Clients' Security Fund.

Respondent was retained to represent a wife in a matrimonial case and was paid a retainer of $400. He failed to contest the husband's divorce case and judgment was entered against the wife. Respondent took no steps to have the case reopened. In his answers to the ethics complaint respondent offered to return the $400 to his client but he has not done so.

Respondent represented a client in an automobile accident case. He failed to file suit and allowed the statute of limitations to run. He then told his client he had settled the claim with the insurance carrier for $5,000 when in fact he had not. Respondent actually paid the client $2,000 purportedly from the settlement. The client now claims the balance of the "settlement" less respondent's fee. Respondent in his answer admits this indebtedness.

Respondent represented a wife in another matrimonial case and was paid a retainer of either $400 or $600. He failed to file an appearance in the husband's divorce suit and judgment was entered against the wife by default. In his answer respondent offered to refund the retainer but he has not done so.

We have not exhausted the list of complaints against respondent but are constrained to bring this matter to a close.

Throughout this whole sorry affair respondent has shown a complete disregard for his responsibilities as an attorney. On November 5, 1975, the return day of our order to show cause why respondent should not be disbarred or otherwise disciplined, respondent, although duly served, failed to respond to the order. We must assume that he has not appeared to answer the complaints because he is unable to deny the evidence of professional misconduct. Indeed, as to one of the earlier complaints, he frankly admitted to the Ethics Committee that his trust account was short by some $13,000 and that he misused the mortgage money entrusted to him to pay off other obligations. See DR1–102(A)(4).

The public must be protected. Respondent has clearly demonstrated his unfitness to practice law. His name will be stricken from the roll. So ordered.

*For disbarment*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*Opposed.*—None.

## ORDER

It is ordered that Ira April of East Orange be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

Ordered that Ira April be and hereby is permanently restrained and enjoined from practicing law.